# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DEANNA McCLOUD and ) | |
| TIMOTHY McCLOUD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 06-1002-MLB |
| ) | |
| THE BOARD OF DIRECTORS OF ) | |
| GEARY COMMUNITY HOSPITAL, ) | |
| *et al*., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Before the Court is the Joint Motion of Defendants for an Order to Gather Personal Health Information and for *Ex Parte* Communications (Doc. 29), filed on June 30, 2006. Plaintiffs filed a Response in Opposition (Doc. 36) on July 19, 2006, which was followed by Defendants' reply (Doc. 39) on July 31, 2006. After careful consideration of the briefing of the parties, the authorities stated therein, and the numerous exhibits submitted, the Court is prepared to rule on Defendants' motion.

## BACKGROUND

This case arises out of medical care and treatment provided to Plaintiff Deanna McCloud, who was 31 weeks pregnant at the time of the medical care at

issue, and Kiana McCloud, her unborn child.  The medical care was necessitated by a motor vehicle accident in which Deanna McCloud was involved.  Plaintiffs filed their Complaint (Doc. 1) on January 6, 2006, alleging violations of the Emergency Medical Treatment and Active Labor Act (hereinafter "EMTALA"), 42 U.S.C. § 1395dd (Counts I and II),[1] and state law claims for the wrongful death of Kiana McCloud (Count III), for the personal injuries of Deanna McCloud due to defendant's alleged negligence (Count IV) and for punitive damages due to defendants' alleged gross negligence (Count V).  Defendants generally denied Plaintiffs' allegations of negligence.  (Docs. 15, 17, and 18.)

    Defendants filed the present motion requesting that the Court enter appropriate orders directing "the physician-patient privilege has been waived, that Defendants are entitled to Deanna and Kiana McCloud's medical records as outlined in the orders and that Defendants are entitled to interview Deanna and Kiana McCloud's treating physicians, without the presence of plaintiffs or their counsel, if the physicians consent."  (Doc. 29 at 10.)  Plaintiffs responded that Defendants have "fail[ed] follow legal procedures as required by HIPAA . . ."

---

[1] On June 29, 2006, Defendants jointly moved to dismiss Count II of Plaintiffs' Complaint, which seeks damages under EMTALA against Defendant doctors Felts and Khoury individually.  (Doc. 28.)  This motion is currently pending before the District Court.

(Doc. 36 at 14.)  Plaintiffs requested that Defendants be required to follow HIPAA's protocols.  Plaintiffs further requested that the Court enter an Order requiring Plaintiffs' counsel to be present at any meeting with a treating physician or, in the alternative, notify Plaintiffs' counsel three days in advance of any such scheduled meeting.  (*Id.*)  Defendants replied (Doc. 39) that Plaintiffs' objections have no foundation in fact and law.

## DISCUSSION

*1.     Ex Parte Contact With Treating Physicians.*

In making claims for wrongful death and personal injury, Plaintiffs have clearly placed the medical condition of Deanna and Kiana McCloud at issue. Therefore, Plaintiffs cannot claim that their treating physicians are prevented from disclosing information concerning their medical condition by the physician-patient privilege which is codified in K.S.A. 60-427.[2]   Subsection (d) of that statute specifically states:

> There is **no privilege** under this section **in an action in which the condition of the patient is an element or factor of the claim** or defense of the patient or of any party claiming through or under

---

[2] Fed.R.Evid. 501 provides that in civil proceedings, where state law provides the rule of decision concerning a claim or defense, the privilege of a witness or person is to be determined in accordance with state law.  Here the parties agree that Kansas law is the basis for the wrongful death and personal injury claims by Plaintiffs.

>the patient or claiming as a beneficiary of the
>patient through a contract to which the patient is or
>was a party.  (Emphasis added).

Thus, there is no issue of waiver of the privilege in the present case; the privilege simply does not exist.  *See* **Bryant v. Hilst**, 136 F.R.D. 487, 491 (D. Kan. 1991) (holding "[t]he issue is not waiver or partial waiver, there is simply no privilege available to the plaintiff.").  Judges in this District consistently have held that *ex parte* communications with treating physicians are permissible in cases, such as the present one, in which the medical condition of the plaintiff is an issue.  *See* ***G.A.S. v. Pratt Regional Medical Center, Inc., et al.***, No. 05-1267-JTM, June 8, 2006, Memorandum and Order (Magistrate Judge Karen Humphreys), at 2-3 (attached as Ex. 3 to Defendants' Joint Motion, Doc. 29) (collecting decisions from this District).  *See also* **Lake v. Steeves,** 161 F.R.D. 441 (D.Kan. 1994) (District Judge Sam A. Crow); **McGee v. Stonebridge Life Insurance Co.,** No. 05-4002-JAR, June 28, 2005, Memorandum and Order (Magistrate Judge K. Gary Sebelius).  The Court finds no reason to part with the well-reasoned line of decisions from this District,[3] and an extended discussion of those prior decisions would not add

---

[3] The Court is also mindful of the decisions cited by Defendants from other jurisdictions also holding that such *ex parte* communications with treating physicians are to be allowed when a plaintiff has placed his or her medical condition at issue.  (Doc. 39 at 14-19.)

4

anything meaningful to the legal scholarship on this topic.

## 2.      *Provisions of HIPAA.*

Plaintiffs argue that HIPAA, the Health Insurance Portability and Accountability Act, has changed the landscape for production of medical information and that HIPAA preempts any state provisions on this topic unless the state law provisions are "more stringent" than the rules and regulations under HIPAA. (Doc. 36 at 6.) The Court, however, does not need to delve into the intricacies of this argument because it finds that Defendants, by filing the present motion seeking a court order allowing the production of medical information and an *ex parte* contact with the treating physicians, has complied with the HIPAA regulations.[4]

The Court is satisfied that Defendants have followed all the relevant procedural requirements and safeguards imposed by HIPAA. Those requirements are set out in 45 C.F.R. § 164.512(e)(1), and that section allows disclosure of protected health information

> "in the course of any judicial or administrative
> proceeding: (i) In response to an order of a court or
> administrative tribunal, provided that the covered entity
> discloses only the protected health information expressly

---

[4] To the extent the Court may have concerns about the provisions of the proposed orders as to information covered by 42 C.F.R., Part 2, those are addressed later in this Memorandum and Order.

        authorized by such order . . . ."

That is precisely what Defendants have done in this case by filing the instant motion and seeking a Court order allowing disclosure of Plaintiffs' medical information.  The proposed Orders clearly state what medical information is covered by the Orders thus allowing any medical providers to assure themselves that they are in compliance with the HIPAA requirements.

     Plaintiffs argue that other subsections of section 164.512(e)(1) also govern in this case and that Defendants have not complied with those requirements.  (Doc. 36 at 10-11.)  The Court does not agree.  Section 164.512(e)(1) sets out two *separate and alternative* ways to obtain protected health information: one is by court order under subsection (i), and the other is by subpoena, discovery request, or other lawful process "that is <u>not</u> accompanied by an order of a court . . . ." (emphasis added) under subsection (ii).  Plaintiffs discuss several things that are required if a party proceeds under subsection (ii) by subpoena or discovery request, including the requirement that the party whose records are being sought is given notice under subsection (ii)(A), or that the party seeking the information secure a "qualified protective order" as described in subsections (ii)(B) and (v).  Any such "qualified protective order" is to include provisions that prohibit use of the information for any purpose other than the litigation and require the return of the information to the covered entity at the end of the litigation.  *See*

164.512(e)(1)(v)(A) and (B). However, the provisions of subsections 164.512(e)(1)(ii), (iii), (iv) and (v), all apply *only* where the information is sought by subpoena or document request under subsection (ii), and *not* where the documents are to be provided in response to a court order for disclosure under subsection (i).[5]

Plaintiffs finally argue that if the Court enters an order granting Defendants' motion, it should either include the requirement that Plaintiffs' counsel be present during any interview with treating physicians or that Plaintiffs be given three day's notice prior to any *ex parte* contact with their physicians or other health care provider. (Doc. 36 at 14.) The Court will not adopt these suggestions. None of the cases in this District which allow *ex parte* contact with treating physicians or other health care providers have included the requirement that opposing counsel be present during the interview. In fact, the term "*ex parte*" is specifically defined as "On one side only; by or for one party; done for, in behalf of, or on the application of one party only." BLACK'S LAW DICTIONARY, (Fifth Ed.). The Court will not modify the procedure to allow or require Plaintiffs' counsel to be present during any such interviews. The Court also will not impose any notice requirement or

---

[5] Even if the Court were to apply the requirements of section 164.512(e)(1)(v)(A) and (B) in this case, the Orders proposed by Defendants specifically state that the Court is entering a "qualified protective order" and the proposed Orders also contains the requirements of these subsections.

timetable before the interviews can be conducted.  Under HIPAA, notice to the party whose records are to be obtained is only required when those records are sought by subpoena or document request.  *See* section 164.512(e)(1)(ii)(A) and (iii).  In this case, Plaintiffs already have notice by the filing of the instant motion that interviews will be requested.  There is no need for any further notice to Plaintiffs.

Finally, the proposed Order clearly informs any treating physician of their right to decline any request for *ex parte* communication.  The language of the proposed order adequately notifies the treating physician that he or she has a right to decline an attorney's request to speak or meet with the physician informally.  As such, the Court finds Defendants' proposed Order to be consistent with the practice in this District.

### 3.     *42 C.F.R., Part 2.*

The proposed Orders submitted by Defendants also include the statement that "This Order further allows the disclosure of . . . (2) information regarding diagnosis and treatment of mental, alcoholic, drug dependency and emotion condition pursuant to 42 C.F.R. part 2."  (Doc. 29, attached Orders.)  The regulations found in 42 C.F.R. part 2 are not HIPAA regulations, but were enacted pursuant to the provisions of the Drug Abuse Prevention, Treatment, and

Rehabilitation Act, 21, U.S.C. § 1175, and were later transferred into the Public Health Service Act, 42 U.S.C. § 290dd-2. *See* 42 C.F.R. § 2.1 and 2.2.[6]

Under 42 U.S.C. § 290dd-2, records of the identity, diagnosis, prognosis or treatment of any patient which are maintained in connection with any program relating to substance abuse education, prevention, training, treatment, rehabilitation or research, which are conducted, regulated, or directly or indirectly assisted by any department or agency of the United States, shall be confidential, and shall be disclosed only as provided in the statute and implementing regulations. One method for obtaining such records is to obtain authorization by an appropriate order of a court of competent jurisdiction, upon a showing of good cause. 42 U.S.C. § 290dd-2(b)(2)(C). The statute further directs that

> In assessing good cause the court shall weigh the public interest and the need for disclosure against the injury to the patient, to the physician-patient relationship, and to the treatment services. Upon the granting of such order, the court, in determining the extent to which any disclosure of all or any part of any record is necessary, shall impose appropriate safeguards against unauthorized disclosure.

42 U.S.C. § 290dd-2(b)(2)(C). *See also* **Mosier v. American Home Patient,** 170

---

[6] Initially there were separate statutory sections pertaining to disclosure of records for drug abuse and another for alcoholism. In 1992, these sections were combined into one section – 42 U.S.C. § 290dd-2. *See* Pub.L. 102-321, Title I, § 131, 106 Stat. 366 (1992).

F.Supp. 2d 1211, 1213-15 (N.D.Fla. 2001) (discussing what may constitute a finding of "good cause" under the regulations).

Subpart E of the regulations enacted pursuant to this statute set out the requirements and procedures for entry of an order authorizing disclosure of patient substance abuse records in a pending civil action where it appears that the records are need to provide evidence. *See* 42 C.F.R. § 2.63 and 2.64. These orders are "a unique kind of court order." *See* 42 C.F.R. § 2.61. Courts applying these statutes and regulations have noted that there is a strong presumption against disclosing records of the kind covered by the statute and regulations, and the privilege afforded to them should not be abrogated lightly. **Fannon v. Johnson,** 88 F.Supp.2d 753, 758 (E.D.Mich. 2000); **Guste v. The Pep Boys-Manny, Moe & Jack, Inc.,** 2003 WL 22384947 at * 3 (E.D.La. 2003).

It is important to note, however, that not every substance abuse treatment program's records will be covered by the statute and regulation. The statute and regulations apply *only* to records of programs which are federally conducted, regulated or supported in a manner which constitutes Federal assistance under the regulations. *See* 42 C.F.R. § 2.12(a)(2); **Beard v. City of Chicago,** 2005 WL 66074 at * 4 (N.D. Ill. 2005) (Section 290dd-2 does not create a privilege that covers any and all records of substance abuse treatment but only those records of

programs which are conducted, regulated or directly or indirectly assisted by an agency of the United States). *See also*, **Center for Legal Advocacy v. Earnest,** 320 F.3d 1107 (10th Cir. 2003) (holding as a matter of law that a specific hospital's emergency department does not qualify as an alcohol or drug abuse "program" under the Part 2 regulations and therefore the hospital could not refuse production of the records in reliance on the statute and regulations).

After reviewing 42 U.S.C. 290dd-2, the regulations in 42 C.F.R. § 2.1, *et. seq.*, and the cases cited above, the Court cannot conclude based on the present record that the motion and proposed Orders in this case would satisfy the statutory and regulatory requirements for production of information regarding diagnosis and treatment of alcoholism or drug dependency pursuant to 42 C.F.R. Part 2. *See* 42 C.F.R. §§ 2.63 and 2.64. *See e.g.,* **U.S. ex.rel. Chandler v. Cook County, Ill.,** 277 F.3d 969, 982-83 (7th Cir. 2002) (finding that the district court's discovery order violated the provisions of the regulations). In fact, the Court is not in a position to determine whether any such records actually exist, or if they do exist, whether they are records of a "program" that is federally directed or assisted in the manner required by 42 C.F.R. part 2. Therefore, the Court is not in a position to include in the present Orders any authorization to produce records that are governed by 42 U.S.C. § 290dd-2 and 42 C.F.R., Part 2.

The Court therefore directs that Defendants remove the language in the two proposed Orders which states that the Orders allow disclosure of "(2) information regarding diagnosis and treatment of mental, alcoholic, drug dependency and emotional condition pursuant to 42 C.F.R. part 2." Furthermore, the paragraph of the proposed Orders which describes in detail those documents that are covered by the Order should be amended to include the following proviso:

> "**Provided however, that this Order does not provide for the production of any medical records maintained in connection with any program relating to substance abuse education, prevention, training, treatment, rehabilitation or research, <u>which are conducted, regulated, or directly or indirectly assisted by any department or agency of the United States, and which are covered by the provisions of 42 U.S.C. § 290dd-2 and 42 C.F.R., Part 2.</u>**

The Court should emphasize, however, that the proposed Orders, as revised, *would* authorize the production of any medical records or information about any treatment of Plaintiffs for substance abuse issues *if* the provider who did the treatment and maintained the records was *not* a federally assisted or directed program as defined by 42 U.S.C. § 290dd-2 and 42 C.F.R., Part 2. Furthermore, nothing in this Memorandum and Order should be construed to prohibit Defendants from seeking an order in the future concerning production of substance abuse records which would be covered by 42 U.S.C. § 290dd-2 and 42 C.F.R., Part

2 if such records exist and if Defendants can satisfy the requirements of the statute and regulations.

## CONCLUSION

Defendants' Motion (Doc. 29) is hereby **GRANTED** as outlined in this Memorandum and Order.  Defense counsel shall revise the two proposed Orders as directed above, and shall forward the revised Orders by e-mail to the undersigned magistrate judge for approval and filing.  Because the Court has ruled on the objections raised by Plaintiffs, the revised Orders do not need to contain the approval lines and electronic signatures of counsel for the parties.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 16th day of August, 2006.

                                                  s/ Donald W. Bostwick
                                          DONALD W. BOSTWICK
                                          United States Magistrate Judge